

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. WADE, JR., THE ESTATE OF
GEORGE L. WADE, SR., DECEASED, AND
HIS HEIRS AT LAW                                                                    PLAINTIFFS

v.                                                    CAUSE NO. 2:16cv47-KS-MTP

THE CITY OF HATTIESBURG, MS, OFFICERS
DEMETRIUS BRELAND and NAROTTAM
HOLDEN, INDIVIDUALLY AND IN THEIR
CAPACITIES AS POLICEMEN WITH THE
HATTIESBURG POLICE DEPARTMENT,
and JOHN DOES 1-10                                                                  DEFENDANTS

## COMPLAINT
(Jury Trial Demanded)

The Plaintiffs, George L. Wade Jr., The Estate of George L. Wade Sr., deceased, and His Heirs at Law, file their complaint against the City of Hattiesburg, Mississippi, Officers Demetrius Breland and Narottam Holden, individually and in their capacities as policemen with Hattiesburg Police Department, and John Does 1-10, pursuant to 42 U. S. C. §§ 1983 and 1988(b), and the Fourth and Fourteenth Amendments to the United States Constitution, stating as follows:

## I.
## THE PARTIES

1. Plaintiff George L. Wade Jr. (George Jr.) is an adult male resident citizen of Forrest County, Mississippi, residing in Hattiesburg, Mississippi.

2. Defendant, City of Hattiesburg, Mississippi ("The City" or "City"), is a municipal corporation organized and existing under the laws of the State of Mississippi. The City can be served with the process of this Court by service upon its

1

Mayor, the Honorable Johnny Dupree, at his business address, 200 Forrest Street, Hattiesburg, Mississippi 39401.

3. At all times relevant, Defendant Demetrius Breland ("Breland" or "Officer Breland") was and continues to be a resident of the Eastern Division of the Southern District of Mississippi. He was also a police officer with The City of Hattiesburg Police Department ("HPD"), acting within the course and scope of his employment when the actions complained of occurred. Defendant Breland is sued individually and in his official capacity as a member of the HPD and he can be served with the process of this Court by service upon him at his place of employment, the HPD, 701 James Street, Hattiesburg, MS 39401, or wherever he may be found.

4. At all times relevant, Defendant Narottam Holden ("Holden" or "Officer Holden") was and continues to be a resident of the a Eastern Division of the Southern District of Mississippi. He was also a police officer with the HPD, acting within the course and scope of his employment when the actions complained of occurred. Defendant Holden is sued individually and in his official capacity as a member of the HPD. He can be served with the process of this Court by service upon him at his place of employment, the HPD, 701 James Street, Hattiesburg, MS 39401, or wherever he may be found.

5. The Defendants, John Does 1-10, are presently unidentified Defendants who are unknown to the Plaintiff at this time and who will be substituted as Defendants by amendment of the pleadings when the information necessary to identify these individuals and/or entities becomes available through discovery or otherwise.

## JURISDICTION AND VENUE

6. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1391 as the actions and omissions which gave rise to this cause of action occurred in the Eastern division of the District Court of the Southern District of Mississippi and the defendants all reside in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution and Laws of the United States.

## III.
## THE FACTS

8. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

9. This action arises out of the unreasonable use of force by Defendants Breland and Holden upon Plaintiffs George L. Wade Sr., Deceased ("George Sr."), and George L. Wade Jr. ("George Jr.") that occurred on or about April 16, 2013 at the home of Plaintiff George L. Wade Jr., located at 1500 Cherry Street, Hattiesburg, Mississippi 39401.

10. On April 16, 2013, Sharon Wade called the HPD when she and her husband, George Jr., became involved in a verbal disagreement and their son began to argue with George Jr. about the disagreement. When the HPD arrived and pulled into the yard, Sharon and her children were outside of their home in the front yard and George Jr. was on the porch. Sharon approached Officer Breland and told him that she and her husband had gotten into an argument.

11. Officer Breland told George Jr. to come to him and George Jr. complied. George Jr. left the porch, provided his name Officer Breland asked for it, and then explained that he and his wife were having a disagreement. At this point, Officer Breland told George Jr. to step to the side.

12. As George Jr. moved to the side, suddenly, and without warning, Officer Breland kicked George Jr. on his leg, threw him on the ground, rubbed his face against the asphalt, and then handcuffed him. As a result of these actions, George Jr. suffered a broken leg and broken foot. Officer Breland also kicked George Jr. in the groan area as he was being put into the back of a patrol car. In addition to the physical injuries George Jr. suffered as a result of this treatment, he also missed a substantial amount of time from his employment .

13. When George Sr., a seventy three year old retired law enforcement officer, saw the brutal treatment his son was receiving, he stepped into the yard, showed Officer Breland his badge, and told him that he was not treating his son right. Officer Breland told him to back up and pulled his gun on George, Sr. When George Sr. began to back up, Officer Breland maced George, Sr. even though he was doing nothing that would threaten him.

14. After being maced, George Sr. stumbled towards the front door of the house in an attempt to wash the mace from his eyes. Susan and her daughter attempted to go inside to help him. Before they could do so, however, Officer Breland pulled his gun and told them not to move. Officer Breland then pushed George Sr. into the house and followed him inside where Officer Breland began to beat him unmercifully.

15. Being afraid for George Sr.'s safety, Susan called the HPD again. She told

4

the HPD dispatcher that she was afraid the police officer was going to kill her father-in-law. Shortly thereafter, officer Holden and a white female police officer arrived on the scene. Officer Holden went inside the house where Officer Breland had already begun to beat George Sr. as they could hear him making sounds that were indicative of a person being subjected to a beating. Rather than restrain Officer Breland from further beating of this seventy three year old defenseless man, Officer Holden joined in and beat George Sr. as well.

16. As a result of this brutal and unlawful treatment, George Sr. suffered a (a) concussion; (b) fractured vertebrae; (c) 10 stitches to his left eye; (d) a burst blood vessel in his eye; (e) a bruised shoulder, back, ribs, and arms; and (f) contusions (knots) on his head.

17. The physical and mental injuries Plaintiff suffered by George Jr. and George Sr. were the result of the use of unwarranted, unreasonable, unnecessary and unlawful force against them in effecting the Plaintiffs' illegal arrests by Officers Breland and Holden.

18. At no time during the events described above, were the Plaintiffs intoxicated, belligerent, disorderly, a threat to the safety of Officers Breland and Holden, himself or others. Neither had they committed any criminal offenses which allowed for their arrest under Mississippi law. The use of unwarranted, unreasonable, unnecessary and unlawful force against the Plaintiffs by Officer Breland and Officer Holden was unrelated to the verbal disagreement for which the original call was made to the HPD.

19. At no time during the events described above was there any warrant for Plaintiffs' arrests, probable cause for their arrests, or legal cause or excuse to seize their

persons. Officer Breland and Officer Holden acted recklessly and with gross negligence and indifference toward Plaintiffs and directed excessive and unreasonable force against them without justification.

20. The acts of Officer Breland and Officer Holden were taken under the color and pretense of the United States Constitution, statutes, and laws and under the authority of their offices as a law enforcement officers for the City and the HPD.

21. Officer Breland and Officer Holden unreasonably seized the Plaintiffs, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution by assaulting and battering them. These violations and torts were committed as a result of policies and customs of the City and the HPD.

22. At all times relevant, Officer Breland and Officer Holden were duly appointed and acting officers of the HPD, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and the HPD.

23. The actions of Officer Breland and Officer Holden violated the following clearly established and well settled Federal Constitutional rights of Plaintiffs, including the violation of their Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from: (a) unreasonable searches and seizures; (b) deprivation of their liberty without due process of law; (c) the use of excessive, unreasonable and unjustified force; and (d) arbitrary government actions which are so outrageous as to shock the conscience of a civilized society.

24. As a direct and proximate result of Officer Breland's and Officer Holden's acts, Plaintiffs suffered physical and emotional trauma, physical pain and suffering, past

and mental anguish, aggravation, loss of enjoyment of life, past medical expenses, and future medical expenses for George Jr.

### IV.

### CAUSES OF ACTION

**COUNT I - 42 U. S. C. § 1983 AGAINST OFFERS BRELAND AD HOLDEN**

25. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

26. The actions of Officers Breland and Holden in maliciously seizing, assaulting, and using excessive force by physically beating Plaintiffs, violated their rights guaranteed to them under the Fourth and Fourteenth Amendments to the United States Constitution, including due process law and to be free from unreasonable searches, cruel and unreasonable punishment, seizures and excessive force. Therefore, Plaintiffs are entitled to recover compensatory and punitive damages under 42 U. S. C. § 1983 for the injuries set forth above against Defendants Breland and Holden for violations of their Constitutional rights under color of law.

27. The actions of Officers Breland and Holden as described above were done maliciously, willfully, wantonly and/or in reckless disregard for the Plaintiffs' Constitutional rights. As such, Plaintiffs' claim damages, including punitive damages, under 42 U. S. C. § 1983 for the injuries set forth above against Defendants Breland and Holden for violation of their Constitutional rights under color of law.

**COUNT III - 42 U. S. C. § 1983 AGAINST THE CITY**

28. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

7

29. The Constitutional violations and injuries to the Plaintiffs were caused directly and proximately by customs, policies and practices of the City, the HPD, and its Chief of Police during the relevant time period, Frazier Bolden. Chief Bolden had knowledge of the wrongdoing done by Officers Breland and Holden and other members of the HPD.

30. As the top law enforcement officer of the HPD and its chief policymaker, Chief Bolden had the power to prevent and aid in the prevention of the actions set forth above. Yet, Chief Bolden failed and refused do so in violation of 42 U. S. C. § 1983.

31. That it was the policy and/or custom of the City and HPD to inadequately and improperly investigate police misconduct. Such acts of misconduct by its officers were tolerated by the City and the HPD, including but not limited to the following:

   a. using excessive and unreasonable force in arresting individuals;

   b. charging individuals falsely to cover up their illegal conduct; and

   c. prosecuting individuals on false charges as a shield from liability.

32. It was the policy and custom of the City and the HPD to inadequately supervise and train its police officers, including Defendants Breland and Holden, thereby failing to adequately discourage further constitutional violations on the part of its police officers, with such policies including, but not limited to the following:

   a. Failure to implement a uniform policy with respect to seizures, arrests, and the proper use of force in deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiffs;

   b. Failure to adequately train law enforcement personnel with respect to seizures, arrests, and the proper use of force in deliberate indifference and reckless

disregard for the welfare of the public at large, including the Plaintiffs; and

      c. Failure to adequately supervise the officers in deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiffs.

33. As a result of these policies and customs, officers of the HPD, including Officers Breland and Holden, believed their actions would not be properly monitored, investigated or sanctioned by supervisory officers and that such misconduct would instead be tolerated.

34. The indifference on the part of City policymakers to the constitutional rights of persons within the City along with its customs and policies were the causes of the violations of the Plaintiffs' rights as alleged herein.

35. The above-described policies and customs demonstrated a deliberate indifference to the Constitutional rights of the Plaintiffs and the citizens of the City.

## IV.

## PRAYER FOR RELIEF

45. That the allegations of the preceding paragraphs are incorporated herein by reference as if set forth in full herein.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs demand judgment of and from said Defendants both jointly and severally, for compensatory and punitive damages, including, but not limited to, the following:

    a. Past, present, and future pain and suffering;

    b. Past, present, and future emotional pain and suffering;

    c. Loss of enjoyment of life;

    d. Past, present, and future medical expenses;

9

e. Costs, expenses, and attorneys' fees;

f. Pre and post judgment interest; and

g. Such other, further and different relief to which they may be entitled under the premises.

RESPECTFULLY SUBMITTED, this 13th day of April, 2016.

GEORGE L. WADE, JR., THE ESTATE OF GEORGE L. WADE, SR., DECEASED AND ON BEHALF OF HIS HEIRS AT LAW, PLAINTIFFS

BY: _____
Ottowa E. Carter Jr., MSB#8925,
Catouche J. L. Body, MSB#99526
Their Attorneys

OF COUNSEL:

CARTER & BODY PLLC
407 Orchard Park, Bldg. 1, Suite D
Ridgeland, MS 39157
P. O. Box 13007
Jackson, MS 39236
Tel: (601) 398-1614
Fax: (601) 397-6206