IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. WADE, JR., *et al.*                                                                    PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 2:16cv47-KS-MTP

CITY OF HATTIESBURG, MS, *et al.*                                          DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiffs' failure to prosecute and to otherwise comply the Court's Order and Notice [2] of July 18, 2016. Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice.

**Procedural History**

On April 13, 2016, plaintiffs filed this complaint against the defendants alleging excessive force and illegal arrests by officers of the Hattiesburg Police Department which resulted in physical injuries and emotional trauma. Plaintiffs are not proceeding *in forma pauperis* and, as such, it is their obligation to serve process on the defendants.

The docket reflecting that plaintiffs had failed to serve process upon the defendant or to otherwise prosecute this matter, the undersigned issued an order [2] on July 18, 2016, directing the plaintiffs to complete service of process and file proof of such service by August 8, 2016 or to demonstrate good cause for extending the time for service of process; otherwise, the court would recommend dismissal.

Summonses were issued by the clerk of court on August 3, 2016, but proofs of service have not been filed as required by the order. Plaintiffs have not responded to the order or demonstrated good cause for further delay.

Because plaintiffs have not served process and have not demonstrated good cause to justify further delay, the undersigned recommends that this matter be dismissed without

prejudice.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiffs' failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case illustrates the type of inaction that warrants rule 41(b) dismissal.

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice...." Fed. R. Civ P. 4 (m). As plaintiffs have failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

## Recommendation

As the plaintiffs have failed to serve process or to otherwise prosecute this case, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 9th day of August, 2016.

s/ Michael T. Parker
United States Magistrate Judge