IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GEORGE L. WADE, JR.,** *et al.*                                                  **PLAINTIFFS**

**V.**                                     **CIVIL ACTION NO. 2:16-CV-47-KS-MTP**

**CITY OF HATTIESBURG, MISS.,** *et al.*                                 **DEFENDANT**

**ORDER**

Plaintiffs filed their Complaint [1] on April 13, 2016, naming the City of Hattiesburg, Officer Demetrius Breland, and Officer Narottam Holden as Defendants. Rule 4(m) requires a plaintiff to serve the defendant with summons and a copy of the complaint within ninety days of filing. FED. R. CIV. P. 4(m). Therefore, Plaintiffs were required to perfect service on or before July 12, 2016. *Id.* They failed to do so.

On July 18, 2016, the Magistrate Judge entered an Order [2] reminding Plaintiffs of Rule 4(m)'s requirements, and *sua sponte* granting Plaintiffs another twenty days to perfect service – on or before August 8, 2016. The Court warned Plaintiffs that if they did not perfect service and file proof thereof, or if the Court did not extend the time for service upon a showing of good cause, the case may be dismissed without prejudice. On August 3, 2016, the Clerk's office issued summons [3], but Plaintiffs did not file proof that service had been perfected by August 8, 2016.

Accordingly, on August 9, 2016, the Magistrate Judge entered his Report and Recommendation [4] that the case be dismissed without prejudice for Plaintiffs' failure to prosecute and to comply with the Court's previous Order [2]. Plaintiffs were given two weeks – until August 23, 2016 – to file a written objection to the Report and

Recommendation [4]. On August 23, 2016, Plaintiffs filed proof of service on the City of Hattiesburg [5] on August 3, 2016, and Defendant Breland [6] on August 5, 2016. Plaintiffs also requested [7] and received [8] additional time to file their objection to the Magistrate Judge's Report and Recommendation [4]. On August 29, 2016, Plaintiffs filed their written objection [10] to the Magistrate Judge's Report and Recommendation.

Plaintiffs argue that dismissal without prejudice would effectively bar any future litigation because the events which led to this litigation occurred on April 16, 2013, and the case was filed April 13, 2016 – three days before the statute of limitations expired. Accordingly, Plaintiffs argue that the Court must apply a heightened standard in determining whether to dismiss their claims, and that their counsel's negligence and failure to timely serve process is not sufficient to meet that standard. For the purpose of addressing the Report and Recommendation [4], the Court will assume that Plaintiffs' statute of limitations analysis is accurate.

"If the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) . . . is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013). Dismissal requires "delay longer than just a few months; instead the delay must be characterized by significant periods of total inactivity." *Id.* at 513. This is not the only consideration. Dismissals in these situations are generally appropriate where there is "at least one of three aggravating factors: (1) delay caused by the

plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 514.

Plaintiffs' counsel's admitted negligence is vexing insofar as it has caused the Court to expend time and resources on this issue that it would not have if he had simply served Defendants with process within the time allotted by the Rules of Civil Procedure. Plaintiffs have not provided any reason why they did not attempt service during the initial 90-day period or why they waited until five days before the expiration of the additional twenty-day period granted by the Magistrate Judge. In fact, it has now been over six months since Plaintiffs filed this case, and over two months since they filed their written objection to the Report and Recommendation, but they still have not filed a proof of service on Defendant Holden.

Nevertheless, the Court does not believe that the record displays a "clear record of delay or contumacious conduct." *Id.* at 512. The Court warns Plaintiffs, though, that another period of inactivity or failure to comply with the Court's orders could tip the analysis in the other direction, and that this warning should be considered a lesser sanction as contemplated by the case law cited above. The Court **declines to adopt** the Magistrate Judge's Report and Recommendation [4]. Plaintiff is granted **twenty days** to perfect service on Defendant Holden and to file proof of service on the record – on or before **November 18, 2016**.

SO ORDERED AND ADJUDGED, on this, the 28th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE