IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. WADE, JR., THE ESTATE OF
GEORGE L. WADE, SR., DECEASED, AND
HIS HEIRS AT LAW                                                      PLAINTIFFS

v.                                                      CAUSE NO. 2:16cv47 KS-MTP

THE CITY OF HATTIESBURG, MS, OFFICERS
DEMETRIUS BRELAND and NAROTTAM
HOLDEN, INDIVIDUALLY AND IN THEIR
CAPACITIES AS POLICEMEN WITH THE
HATTIESBURG POLICE DEPARTMENT,
and JOHN DOES 1-10                                                    DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST
CITY OF HATTIESBURG AND OFFICERS IN THEIR OFFICIAL
CAPACITY PURSUANT TO F.R.C.P. 12(b)(6) OR, ALTERNATIVELY, 12(c)**

---

Defendants, City of Hattiesburg, Mississippi, Demetrius Breland and Narottam Holden,

file this Memorandum in Support of their Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) or,

alternatively, 12(c) and state in support:

## INTRODUCTION

On April 16, 2013, Officer Demetrius Breland was dispatched to the Plaintiffs' residence.

The call for service concerned a domestic disturbance between George Wade, Jr., George Wade,

Sr., and Sharon Wade, George Jr.'s wife.

Officer Breland made contact with Wade Jr. at the residence and attempted to obtain

information from him. Wade Jr. refused to cooperate and resisted Officer Breland's efforts to

separate him from a large crowd that had gathered nearby. Officer Breland attempted to place

Wade Jr. in handcuffs for his protection while information was obtained. Wade Jr. resisted these

efforts. Wade Sr. approached Officer Breland, grabbed his left arm and tried to pull him away

from Wade Jr. Wade Sr. was ordered to step back, but he refused to comply. During the scuffle,

1

Officer Breland attempted to spray Wade Sr. with pepper spray, which was ineffective. Wade Sr. left the area and began running to his residence. Officer Breland gave chase to Wade Sr., and, upon entering the house, Wade Sr. began assaulting Officer Breland. Officer Holden arrived on the scene and assisted Officer Breland in placing Wade Sr. into custody. Wade Sr. struck Officer Breland several times in the chest. Both Wade Jr. and Sr. were arrested on several charges.

Wade Jr. was convicted in the Hattiesburg Municipal Court on November 20, 2013, for simple assault, disorderly conduct/failure to comply, resisting arrest and disturbance of the peace. On November 20, 2013, Wade Sr. was convicted of simple assault on a police officer, disorderly conduct/failure to comply and resisting arrest. Both Wade Sr. and Wade Jr. perfected appeals to the Forrest County County Court. Wade Jr.'s charges were ultimately dismissed on appeals, and Wade Sr. died prior to his appeal being adjudicated on the merits.

Wade Jr. and Wade Sr., through his estate, filed a Complaint before this Court, on April 13, 2016. [Doc. #1]. The Complaint contains boilerplate allegations regarding the claims against the City of Hattiesburg and Officers Breland and Holden in their official capacities. The allegations are insufficient to state a claim against these Defendants under 42 U.S.C. § 1983 pursuant to *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic

2

recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.,* 615 F.3d 412, 417 (5th Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## LAW

To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the person depriving Plaintiff of the right acted under color of State law. *West v. Atkins,* 487 U.S. 42, 48, (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir. 1988).

Section 1983 claims may be brought against government employees "in their individual or official capacity, or against a governmental entity." *Goodman v. Harris County,* 571 F.3d 388, 395 (5th Cir. 2009). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ." *Kentucky v. Graham,* 473 U.S. 159 (1985).

Municipal liability under Section 1983 requires that a plaintiff prove three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)(citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

> A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy.

*Gates v. Texas Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 436 (5th Cir. 2008). "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City,* 130 F.3d 162,

167 (5th Cir. 1997); *see also Whitley v. Hanna,* 726 F.3d 631, 649 (5th Cir. 2013) (complaint must contain specific factual allegations about the municipal policy).

Plaintiffs allege no specific policy statement, ordinance, regulation, or decision that was the moving force of the alleged constitutional violations. Likewise, the Complaint fails to provide specific facts demonstrating a "pattern and practice" of similar alleged constitutional violations. Therefore, the "Complaint fails to include sufficient facts to allow the Court to infer a 'persistent, widespread practice' ... 'so common and well settled as to constitute a custom that fairly represents a municipal policy." *Fuhgetaboutit, LLC v. Columbus Police Dep't,* 2011 U.S. Dist. LEXIS 120150, at *14–*15 (N.D. Miss. 2011)(quoting *Webster v. City of Houston,* 735 F.2d 838, 853 (5th Cir. 1984)). Accordingly, Plaintiffs failed to state a claim under Section 1983 against the City of Hattiesburg or the individual Defendants in their official capacity, and those claims should be dismissed.

"[A] municipality's failure to train its personnel can give rise to liability under 42 U.S.C. § 1983." *Kitchen v. Dallas County,* 759 F.3d 468, 484 (5th Cir. 2014). "[T]o succeed on a *Monell* claim arising from a municipality's failure to adopt an adequate training policy, a plaintiff must demonstrate that: (1) the municipality's training policy procedures were inadequate, (2) the municipality was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the constitutional violation." *Id.* "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson,* —— U.S. ——, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011). Here, Plaintiffs failed to allege any specific deficiencies in the training or supervision provided by the City. *See Estate of Manus v. Webster County,* No. 1:11–CV–149–SA–DAS, 2014 U.S. Dist. LEXIS 43536, at *64 (N.D. Miss. 2014). Likewise, Plaintiff failed to allege any specific facts demonstrating a pattern of similar

4

violations. *Connick*, 131 S.Ct. at 1360. Therefore, they failed to state a claim under Section 1983

for failure to train or supervise, and those claims should be dismissed without prejudice.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' 42 U.S.C. § 1983

claims against the City of Hattiesburg and the Defendant Officers in their official capacities

pursuant to F.R.C.P 12(b)(6) or, alternatively, 12(c).

Respectfully Submitted, this the 16th day of January, 2017.

/s/ Lane Dossett
CLARK HICKS, JR. (MSB No. 8963)
R. LANE DOSSETT (MSB No. 102927)
*Attorneys for Defendants, City of Hattiesburg,*
*Mississippi; Hattiesburg Police Department;*
*Officer Demetrius Breland*
*and Officer Narottam Holden*

Hicks Law Firm, PLLC
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 13850
Hattiesburg, MS 39404-8350
Telephone: 601.544.6770
Facsimile: 601.544.6775
Email: clark@hicksattorneys.com
        lane@hicksattorneys.com

## CERTIFICATE OF SERVICE

I, undersigned counsel, do hereby certify that I have this day electronically filed the foregoing *Memorandum in Support of Motion to Dismiss Claims Against City of Hattiesburg and Officers in their Official Capacity Pursuant to F.R.C.P. 12(b)(6) or, Alternatively, 12(c)* the Clerk of the Court using the ECF system, which sent notification of such filing to all registered users, including, the opposing parties' attorney.

THIS the 16th day of January, 2017.

/s/ Lane Dossett
CLARK HICKS, JR. (MSB No. 8963)
R. LANE DOSSETT (MSB No. 102927)
*Attorneys for Defendants, City of Hattiesburg,*
*Mississippi; Hattiesburg Police Department;*
*Officer Demetrius Breland*
*and Officer Narottam Holden*