IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. WADE, JR., THE ESTATE OF
GEORGE L. WADE, SR., DECEASED, AND
HIS HEIRS AT LAW                                                                    PLAINTIFFS

v.                                                                   CAUSE NO. 2:16cv47-KS-MTP

THE CITY OF HATTIESBURG, MS, OFFICERS
DEMETRIUS BRELAND and NAROTTAM
HOLDEN, INDIVIDUALLY AND IN THEIR
CAPACITIES AS POLICEMEN WITH THE
HATTIESBURG POLICE DEPARTMENT,
and JOHN DOES 1-10                                                              DEFENDANTS

**PLAINTIFFS' MEMORANDUM BRIEF
IN SUPPORT OF THEIR RESPONSE
IN OPPOSTION TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiffs, George L. Wade, Jr., The Estate of George L. Wade, Sr., Deceased, and His Heirs at Law, file their Memorandum Brief in Support of Their Response in Opposition to Defendants' Motion to Dismiss, and in its support, state as follows:

**I.
INTRODUCTION**

The Defendants argue that the Plaintiffs' claims under 42 U.S.C. § 1983 should be dismissed pursuant to Fed.R.Civ.P 12(b)(6) for failure to state a claim or alternatively, judgment on the pleadings pursuant to Fed.R.Civ.P 12(c). Because the Complaint meets all pleadings requirements for the claims set forth therein, Defendants Motion to Dismiss should be denied.

**II.
FACTS**

On April 16, 2013, Sharon Wade called the Hattiesburg Police Department

(HPD) from her residence at 1500 Cherry Street, Hattiesburg, Mississippi 39401 when she and her husband, George Wade Jr. (George Jr.) began to argue and their son got involved and started to argue with George Jr.  When Officer Demetrius Breland (Officer Breland) of the HPD arrived and pulled into the yard, Sharon and her children were in the front yard and George Jr. was on the porch.  Sharon approached Officer Breland and told him that she and her husband had gotten into an argument.  Officer Breland told George Jr. to come to him and he complied by leaving the porch and providing his name when Officer Breland requested it.

After George Jr. explained what had occurred between himself and his wife, Officer Breland asked George Jr. moved to the side.  But when he did so, he Officer Breland kicked George Jr. on his leg, threw him on the ground, rubbed his face against the asphalt, and handcuffed him.  As a result of this assault, George Jr. suffered a broken leg and broken foot.  Officer Breland also kicked George Jr. in the groan area as he was being put into the back of a patrol car.

George Jr.'s father was seventy three years old and a retired law enforcement officer at the time of the assault.  When he saw the beating Officer Breland was giving his son, he stepped into the yard, showed his badge, and told him Officer Breland that he was not treating his son right.  Officer Breland told him to back up and pulled his gun on George, Sr.  When George Sr. began to back up, Officer Breland maced him.  George Sr. then stumbled towards the front door of the house and Susan and her daughter attempted to go inside to help him.  Before they could do so, however, Officer Breland pulled his gun and told them not to move.  He then pushed George Sr. into the house and followed him inside where Officer Breland began to beat him unmercifully.  The sounds of George

Sr. being beaten caused Susan to be so afraid that she called the HPD again. She told the HPD dispatcher that she was afraid the police officer was going to kill her father-in-law.

Officer Nattoram Holden (Officer Holden) and a white female officer arrived shortly after Susan's second call to the HPD. Officer Holden went inside the house where Officer Breland continued to beat George Sr. But rather than restrain Officer Breland from further beating of this seventy three year old defenseless man, Officer Holden joined in and beat George Sr. as well. As a result of this brutal and unlawful treatment, George Sr. suffered a concussion; fractured vertebrae; 10 stitches to his left eye; a burst blood vessel in his eye; a bruised shoulder, back, ribs, and arms; and (f) contusions (knots) to his head. Both George Sr. and George Jr. were arrested and taken to a local hospital for treatment of their injuries.

During this incident, neither George Jr. nor George Sr. was intoxicated or acting in a belligerent, disorderly, or manner that threatened the safety of Officers Breland and Holden. Neither had they committed any criminal offenses for which they could be arrested. Furthermore, there were no warrants for their arrests, probable cause for their arrests, or legal cause or excuse to seize them. Nevertheless, George Sr. was arrested and charged with simple assault on a police officer, disorderly conduct/failure to comply and resisting arrest. George Jr. was charged with simple assault on a police officer, disorderly conduct/failure to comply and resisting arrest, and disturbing the peace. Both George Sr. and George Jr. appeared in the City of Hattiesburg Municipal Court and were convicted of these charges. However, after retaining counsel, these convictions were appealed to the County Court and the charges against George Jr. were ultimately dismissed. George Sr. passed away before his the charges were heard in the

County Court.

On April 13, 2016, the Plaintiffs filed suit against the Defendants. They alleged that the injuries they suffered were constitutional violations that "were caused directly and proximately by customs, policies and practices of the City, the HPD, and its Chief of Police during the relevant time period, Frazier Bolden. Chief Bolden had knowledge of the wrongdoing done by Officers Breland and Holden and other members of the HPD." (Complaint, ¶ 29) They further alleged that Chief Bolden was the City's top law enforcement officer and chief policymaker with the power to prevent and aid in the prevention of the actions complained of in the Complaint but he failed and refused do so. (Complaint, ¶ 30) Specifically, they alleged that it was the City's "policy and/or custom … to inadequately and improperly investigate police misconduct … [and that] [s]uch acts of misconduct by its officers were tolerated by the City and the HPD..." (Complaint, ¶ 30). This allegation included the use of excessive and unreasonable force in arresting individuals; charging individuals falsely to cover up their illegal conduct; and prosecuting individuals on false charges as a shield from liability. (Complaint, ¶ 31).

The Plaintiffs also alleged that "[i]t was the policy and custom of the City and the HPD to inadequately supervise and train its police officers, including Defendants Breland and Holden, thereby failing to adequately discourage further constitutional violations on the part of its police officers." (Complaint, ¶ 32) These policies included the City's "[f]ailure to implement a uniform policy with respect to seizures, arrests, and the proper use of force in deliberate indifference and reckless disregard for the welfare of … the Plaintiffs; …[f]ailure to adequately train law enforcement personnel with

respect to seizures, arrests, and the proper use of force in deliberate indifference and reckless disregard for the welfare of the public at large and the Plaintiffs." (Complaint, ¶ 32)  Such actions "were in deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiffs." (Complaint, ¶ 32)

### III.
### 12(B)(6) AND 12(C) STANDARD

"Motions to dismiss are viewed with disfavor and are rarely granted." *Hall v. Hodgkins,* 305 Fed.Appx 224, 227 (5th Cir. 2008).  However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hall v. Hodgkins,* 305 Fed.Appx 224, 227 (5th Cir. 2008). (citation omitted)   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell A. Corp. v. Twombly,* 550 U.S. 544, 555, 557, 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007)).   Well-pleaded facts are accepted as true and they are viewed in the light most favorable to the plaintiff.  *Id.* citing *Gines v. D.R. Horton, Inc,* 699 F.3d 812, 816 (5th Cir. 2012). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  *Bosarge v. Mississippi Bureau of Narcotics,* 796 F.3d 435, 439 (5th Cir. 2015)

### IV.
### ARGUMENT

In *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 694 (1978), the Supreme Court held that a city is not liable under 42 U.S.C. § 1983 based on a respondeat superior of liability. Id.  at 694.  To establish municipal liability under section 1983, the plaintiff

must prove the existence of a policymaker who has actual or constructive knowledge of an official policy or custom that was the moving force behind the violation of a constitutional right. *See Lewis v. City of Jackson,* (No. 3:12-CV-53-CWR-FKB (S. D. Miss. January 24, 2014), citing Monell, 436 U.S. at 694 ("A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority.  A custom is shown by evidence of a persistent, widespread practice or government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government policy. ")

In this case, the pleadings clearly show that the City had a policy maker in Chief Bolden and that he had actual and/or constructive knowledge of the policies and or customs set forth in the Complaint and above.  Moreover, it is clear that the Complaint alleges that these omissions were the moving force behind the violation of the Plaintiffs clearly established right to be free from arrest without probable.. *See Mangieret v. Clifton,* 29 F.3d at 1012, 1016 (5th Cir. 1994).  They were also the motivating force for the violation of their right to be free from excessive force. *See Deville v. Marcantel,* 567 F.3d 156, 169 (5th Cir.2009) (An arrestee had a clearly established right to be free from excessive force and that it was clearly established that the force officers could use in her arrest depended on the circumstances).

Thus, it is clear that the Complaint sufficiently alleged the existence of a policymaker for the HPD, Chief Bolden.  Furthermore, the City's and Chief Bolden's omissions were the moving force for the violation of the Plaintiff's Constitutional rights

under color of law.  A cursory view of the Complaint shows that it contains sufficient factual matter to state a claim for relief that is plausible on its face.  Because these facts are to be taken as true, the Defendants claim that the allegations contained in the Complaint are insufficient and should be dismissed pursuant to Fed.R.Civ.P 12(b)(6) for failure to state a claim, or alternatively, or a judgment on the pleadings pursuant to Fed.R.Civ.P 12(c), is without merit and should be denied.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Dismiss or Alternatively, Judgment on the Pleadings, and for such other, further and different relief as the Court deems appropriate under the premises.

**RESPECTFULLY SUBMITTED,** this 6th day of March, 2017.

**GEORGE L. WADE, JR., THE ESTATE OF GEORGE L. WADE, SR., DECEASED AND ON BEHALF OF HIS HEIRS AT LAW, PLAINTIFFS**

By: /s/**Ottowa E. Carter Jr.**
    **Ottowa E. Carter Jr., MSB#8925,**
    **Their Attorney**

**OF COUNSEL:**

**OTTOWA E. CARTER, JR., P.A.**
**604 Hwy 80 W., Suite N (39056)**
**P. O. Box 31**
**Clinton, MS 39060**
**Tel: (601) 488-4471**
**Fax: (601) 488-4472**
**Email: oec@ottowacarterlaw.com**

Catouche J. L. Body, MSB#99526
THE BODY LAW FIRM PLLC
P. O. Box 13007
Jackson, MS 39236
Tel: (601) 988-1614
attybody@gmail.com

## CERTIFICATE OF SERVICE

I, Ottowa E. Carter, Jr., undersigned counsel for Plaintiffs, do hereby certify that I have this day, filed the foregoing with the Clerk of Court using the ECF system which sent notification of such to all registered attorneys and users.

**SO CERTIFIED**, this 6th day of March, 2017.

/s/ __Ottowa E. Carter, Jr._____
OTTOWA E. CARTER, JR.