IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEOGE L. WADE, JR., THE ESTATE
OF GEORGE L. WADE, SR.,
DECEASED, AND HIS HEIRS AT LAW				PLAINTIFFS

v.								CIVIL ACTION NO. 2:16-CV-47-KS-MTP

THE CITY OF HATTIESBURG, MS,
OFFICERS DEMTRIUS BRELAND and
NAROTTAM HOLDEN, individually and
in their capacities as policemen with the
Hattiesburg Police Department, and John
Does 1-10									DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Claims Against the City of Hattiesburg and Officers in their Official Capacity Pursuant to 12(b)(6) or, Alternatively, 12(c) ("Motion to Dismiss") [20]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

On April 13, 2016, Plaintiffs George L. Wade, Jr., and the Estate of George L. Wade, Sr., Deceased, and his Heirs at Law (collectively "Plaintiffs") filed this action against Defendants City of Hattiesburg (the "City") and Officers Demetrius Breland and Natrottam Holden (the "Officers") (collectively "Defendants"). This action arises out of the alleged use of unreasonable force by the Officers against the Plaintiffs, which occurred on April 16, 2013. Plaintiffs bring claims for constitutional violations under 42 U.S.C. § 1983 against the Officers, in their individual and official capacities, and the City.

## II.  DISCUSSION

### A.  Standard of Review

Defendants file their motion under Federal Rule of Civil Procedure 12(b)(6) or, alternative, under Rule 12(c).  Because an Answer [9] has been filed in this case, the Court analyzes the motion as a motion for judgment on the pleadings under Rule 12(c).  However, motions under Rule 12(c) are "subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 209-10 (5th Cir. 2010).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 210.  "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted).  The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.*  But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*  Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### B.  Municipal Liability

Defendants ask the Court to dismiss the § 1983 claims pending against the City and the Officers in their official capacities.  Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "is no different from a suit against the State itself" and because they are consequently duplicative of the

claims against the City, the § 1983 claims against the Officers in their official capacities will be **dismissed with prejudice**. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989) (citations omitted).

Turning to the § 1983 claims against the City, under *Monell v. Department of Social Services*, the City is not liable under § 1983 "solely because its employee committed a constitutional tort." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, "to hold a municipality liable under § 1983, the plaintiff must prove three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal quotations omitted). Under this analysis, Plaintiff must show both "causation and culpability." *Id.* There must be a "direct causal connection . . . between the policy and the alleged constitutional deprivation." *Id.* (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)). Additionally, "[u]nder the culpability requirement, if the policy is facially lawful, a plaintiff must also show that the municipality promulgated [the policy] with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Id.* (quoting *Piotrowski*, 237 F.3d at 579) (internal quotations omitted) (alteration in original).

Plaintiffs allege that the City is liable because (1) "it was the policy and/or custom of the City and HPD to inadequately and improperly investigate police misconduct," and (2) "[i]t was the policy and custom of the City and the HPD to inadequately supervise and train its police officers." (Complaint [1] at ¶¶ 31-32.)

### 1. Failure to Investigate

In advancing this theory of municipal liability, Plaintiffs do not allege that the City failed to investigate the incident giving rise to this suit, and thereby ratified the Officers' conduct. Rather, Plaintiffs assert that the City had a policy or custom of failing to investigate allegations of misconduct "thereby failing to adequately discourage further constitutional violations." (Complaint [1] at ¶ 32.) The Court knows of no precedent for such a theory of municipal liability.

However, this theory is similar to the ratification theory of municipal liability. Under that theory, which has been applied only in "extreme factual situations," "[i]f the authorized policymakers approve a subordinate's decision and the [unconstitutional] basis for it, their ratification would be chargeable to the municipality because their decision is final." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009) (citations omitted). Because deficient investigations into the current alleged constitutional violation would not make the City liable unless these conditions were met, the Court cannot find that the City is liable for alleged failures to investigate past constitutional violations not related to this case. The Motion to Dismiss [20] will therefore be **granted** with respect to this theory of municipal liability.

### 2. Failure to Train

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 179 L.Ed.2d 417 (2011). To be liable, the failure to train "must amount to deliberate indifference to the rights of person with whom the [untrained employees] come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)) (alteration in original). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (citing *Bd. of Cnty.*

*Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)). At minimum, though, decision-makers must have "notice that a course of training is deficient in a particular respect" in order to be liable under a failure-to-train theory. *Id.*

Though Plaintiffs generally allege that the City's inadequate training procedures amounted to "deliberate indifference," they do not allege any specific facts that would show that the City had notice that their training procedures were deficient, whether it be through a pattern of similar constitutional violations or otherwise. *See Connick*, 563 U.S. at 62, 131 S. Ct. 1350. As such, the Court must find that Plaintiffs' failure-to-train theory of recovery against the City is not properly pleaded and will **grant** the Motion to Dismiss [20] with respect to this theory as well.

Therefore, the Motion to Dismiss [20] will be **granted** in its entirety, and the § 1983 claims against the City and the Officers in their official capacities will be **dismissed with prejudice**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [20] is **granted**. The § 1983 claims against the City and the Officers in their official capacities are **dismissed with prejudice**. The § 1983 claims against the Officers in their individual capacities remain pending.

SO ORDERED AND ADJUDGED on this the ___14th___ day of March, 2017.

                               ___s/ Keith Starrett___
                               KEITH STARRETT
                               UNITED STATES DISTRICT JUDGE