IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. WADE, JR., THE ESTATE OF
GEORGE L. WADE, SR., DECEASED, AND
HIS HEIRS AT LAW                                                              PLAINTIFFS

v.                                                              CAUSE NO. 2:16cv47 KS-MTP

DEMETRIUS BRELAND and NAROTTAM
HOLDEN, INDIVIDUALLY and JOHN DOES 1-10                          DEFENDANTS

**MOTION TO DISMISS CLAIMS OF GEORGE WADE, JR. PURSUANT TO F.R.C.P. 37**

Defendants, Demetrius Breland and Narottam Holden, file this Motion to Dismiss Claims of George Wade, Jr. Pursuant to F.R.C.P. 37 and move to dismiss all claims of George Wade, Jr. with prejudice as a sanction for willful discovery violations pursuant to F.R.C.P. 37, and in support state the following:

1.      Plaintiffs, George Wade, Jr. and The Estate of George Wade, Sr., filed this suit seeking damages for personal injuries allegedly caused during their arrest on April 16, 2013. Plaintiffs filed their Complaint for damages in this Court on April 13, 2016, asserting claims pursuant to 42 U.S.C. § 1983. Plaintiffs state within their Complaint that "Officer Breland kicked George Wade, Jr. on his leg...[and a]s a result of these actions, George Wade, Jr. suffered a broken leg and broken foot." Exhibit "A."

2.      On January 13, 2017, Defendants propounded their First Set of Interrogatories and Requests for Production of Documents to Defendants. [Docs. #18 and #19]. In view of Plaintiffs' claimed personal injuries, Defendants requested information on the medical history of George Wade, Jr., as follows:

1

> INTERROGATORY NO. 10: Please state the name, address, and telephone number of each and every doctor, hospital, or other medically trained person or institution which provided medical or psychiatric treatment to you during the ten (10) years prior to the incident alleged in your complaint, and state when the services were rendered, the nature of the condition or illness and whether you have fully recuperated.

George Wade, Jr.'s sworn interrogatory response was as follows:

> RESPONSE: Other than the treatment for the injuries suffered in the complained of incident herein, George Jr. experienced heart problems on or about 2001-2002. He was treated at Forrest General Hospital in Hattiesburg. He does not remember the name of the treating physician. I do not recall any other medical treatment.

Exhibit"B," Plaintiffs' Response to Defendants' Interrogatories.

3. On July 24, 2017, Defendants took the deposition of George Wade, Jr. After being sworn in, George Wade, Jr. was asked a series of questions about the subject incident and his claim for injuries.

> Q. After you told him you weren't going to let your kid run your household, what happened?
> A. That's when he kicked me.
>
> Q. He just kicked you out of the blue?
> A. Just out of the blue and nothing else just kicked me on my leg, grabbed me, throw me to the ground and smashed my face into the concrete and put the handcuffs on me.
>
> Q. Where did he kick you?
> A. On my left leg.
>
> Q. Where at on your left leg?
> A. On the side where my kneecap is.
>               \*   \*   \*
> Q. Did you say anything to him while this was happening?
> A. I couldn't nothing. I was just hollering.

2

> Q. What were you hollering?
> A. Oh, oh, my leg is broken. It's broke. Like that.
>
> Q. Referring to your left leg where he kicked you?
> A. Yes, sir.
>
> \* \* \*
>
> Q. All right. What was it that broke your leg?
> A. It had to be the kick.
>
> \* \* \*
>
> Q. All right. Other than the surgery on your leg, did you have any kind of treatment for anything else?
> A. Yeah. After I'd say about a good two months after feeling come back into my leg, and I started trying to stand up on it. As I started standing up on it, I discovered that around my ankle part was hurt bad and I couldn't put no pressure on my feet. So after that I went back to Southern Bone & Joint and they ran an MRI on my feet and discovered my feet was also broke and that's when I got the boot to put on my feet.
>
> Q. Where was your foot broke?
> A. Around up around my ankle part or right there.
>
> Q. On your left leg?
> A. Yes, sir. The same leg.
>
> Q. All right. When you say that you were kicked where were you kicked? Where was contact made?
> A. Like right here.
>
> Q. You're pointing to your left knee?
> A. Yes, sir. Right there.

Exhibit "C," Deposition of George Wade, Jr. at 59, 62-63 and 105-106.

4.   George Wade, Jr. was also asked a series of questions about his prior medical history and medical treatment:

> Q. All right. I am going to ask you about your medical history because there's a claim for physical injuries so I'm going to ask you about your medical history. Have you ever had any type of car accident in the past?
> A. No, sir.

3

| | |
|---|---|
| Q. | Never been involved in a car accident? |
| A. | No, sir. |

| | |
|---|---|
| **Q.** | **All right. Have you ever been injured in any kind of way?** |
| **A.** | **No, sir.** |

\* \* \*

| | |
|---|---|
| Q. | All right. When was the last time you went to Forrest General Hospital? |
| A. | I believe it was probably 2015. |

| | |
|---|---|
| Q. | What was the reason for the visit? |
| A. | Yes.  I broke my – back of my finger. |

| | |
|---|---|
| Q. | You pointed to your pinkie finger on your left hand? |
| A. | Yes, sir. |

| | |
|---|---|
| Q. | How did you do that? |
| A. | I was moving some furniture outside and my hand hit against the wall of the door frame and it went – separated out and they said it broke. |

| | |
|---|---|
| Q. | Any kind of surgery for that? |
| A. | No, sir. Just put a cast on it. |

| | |
|---|---|
| **Q.** | **All right. What about before that? Not considering this event we're here for, but what about before that?** |
| **A.** | **No, sir.** |

| | |
|---|---|
| **Q.** | **You haven't been to the doctor before that?** |
| **A.** | **No, sir.** |

\* \* \*

| | |
|---|---|
| Q. | And you went to see your doctor at Southern Bone & Joint? |
| A. | Yes, sir. |

| | |
|---|---|
| Q. | Where did you do physical therapy at? |
| A. | Southern Bone & Joint. |

| | |
|---|---|
| Q. | All right. Did you go anywhere else other than that? |
| A. | No, sir. I went there for therapy and for the surgery. |

4

> Q. All right. Was there any other doctor you saw after that for your leg?
> A. No. Dr. Nipper that was the same doctor.
>
> Q. Okay. No other doctor?
> A. No, sir,
>
> Q. **Up to today have you seen any other doctor for your leg?**
> A. **No, sir.**

*Id.* at 35-38 and 104-105.

5. George Wade, Jr. denied having any pre-existing medical conditions or medical treatment for his left knee and foot in both of his interrogatories and at his deposition. Accepting these responses as true, Defendants were caused to believe that George Wade, Jr. suffered no pre-existing condition and had not sought treatment for any related condition.

6. George Wade, Jr. sought medical treatment at Southern Bone and Joint following his arrest. In reviewing George Wade, Jr.'s medical records, Defendants learned that George Wade, Jr. was treated by Dr. John Kosko on or about April 18, 2013. Dr. Kosko reviewed radiological images of George Wade, Jr. and his interpretation of those images resulted in his opinion that George Wade, Jr. had "increased bone density within the proximital tibial metaphysis which likely represents old injury." Exhibit "D," Dr. Kosko medical record. Upon review of this isolated record, Defendants were still not aware of whether George Wade, Jr. had any pre-existing injuries, although this record indicated such may have existed.

7. On August 11, 2017, Defendants, through counsel, initiated a medical records request to Forrest General Hospital through a HIPAA compliant medical authorization for medical records of George Wade, Jr. Forrest General Hospital responded on August 11, 2017, and provided his records. Defendants learned for the first time through these records that George Wade, Jr. was injured in a fall on or about July 17, 2008. He sought treatment for pain in his left

5

knee and ankle as a result of this fall. He reported pain, difficulty walking, swelling, and tenderness. Exhibit "E," Forrest General Hospital records of July 17, 2008. The areas of injury George Wade, Jr. complains of in his Complaint in this case are the exact same areas he previously sought treatment for at Forrest General Hospital on July 17, 2008.

        8.       The sworn discovery responses and deposition testimony of George Wade, Jr. are demonstrably false. George Wade, Jr. failed to reveal in his sworn discovery responses that he had any type of prior problem in his left knee or ankle, the areas of his body that he allegedly injured in this case. George Wade, Jr.'s knee surgery constitutes the vast majority of medical expenses in this case. These false discovery responses and subsequent testimony are a material issue in this case, and they were made willfully and in bad faith. Accordingly, pursuant F.R.C.P. 37, George Wade, Jr.'s Complaint should be dismissed as a sanction. Due to the nature of this misconduct and the fact that it falls squarely on Plaintiff, George Wade, Jr., as opposed to his lawyer, no lesser sanction will suffice.

        9.       Defendants have been materially prejudiced in their ability to prepare a defense in this case as a result of the untimely discovery of George Wade Jr.'s prior medical conditions. Defendants waited a long period of time for written discovery responses. The parties have already taken numerous depositions, including George Wade, Jr. and his wife Susa Wade. His prior treatment and injury were not known at the time of the depositions. This case has undergone substantial delays from the outset, including a four month delay from the time of the filing of the Complaint to the Magistrate Judge's Report and Recommendations [Doc. #4]. See also Amended Case Management Order extending deadlines [Doc. #24] and Order Granting Extension of Deadlines [Doc. #35].

10. In support of this motion, Defendants, Demetrius Breland and Narottam Holden, submit their separately filed Memorandum Brief along this the following exhibits:

1) Exhibit A – Complaint;

2) Exhibit B - Plaintiffs' Response to Defendants' First Set of Interrogatories Propounded to Plaintiff;

3) Exhibit C – Deposition of George Wade, Jr.;

4) Exhibit D – Dr. Kosko medical record; and

5) Exhibit E – Forrest General Hospital medical record.

WHEREFORE, Defendants, respectfully request this Court grant this Motion to Dismiss Claims of George Wade, Jr. with prejudice as a sanction pursuant to F.R.C.P. 37, and for such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED, this the 18th day of August, 2017.

/s/ Lane Dossett
L. CLARK HICKS, MSB No. 8963
R. LANE DOSSETT, MSB No. 102927
*Attorneys for Defendants*

HICKS LAW FIRM, PLLC
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 13850
Hattiesburg, MS  39404-8350
Telephone:  601.544.6770
Facsimile:  601.544.6775
Email: clark@hicksattorneys.com
       lane@hicksattorneys.com

## CERTIFICATE OF SERVICE

I, undersigned counsel, do hereby certify that I have this day electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which sent notification of such filing to all registered users, including, the opposing parties' attorney.

Dated: August 18th, 2017.

/s/ Lane Dossett
L. CLARK HICKS, MSB No. 8963
R. LANE DOSSETT, MSB No. 102927
*Attorneys for Defendants*