IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEOGE L. WADE, JR., THE ESTATE
OF GEORGE L. WADE, SR.,
DECEASED, AND HIS HEIRS AT LAW                              PLAINTIFFS

v.                                        CIVIL ACTION NO. 2:16-CV-47-KS-MTP

THE CITY OF HATTIESBURG, MS,
OFFICERS DEMTRIUS BRELAND and
NAROTTAM HOLDEN, individually
and in their capacities as policemen with
the Hattiesburg Police Department, and
John Does 1-10                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss Claims Claim of George Wade, Jr., Pursuant to F.R.C.P. 37 ("Motion to Dismiss") [50] filed by Defendants Demetrius Breland and Natrottam Holden. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I.  BACKGROUND**

On April 13, 2016, Plaintiffs George L. Wade, Jr., ("Wade") and the Estate of George L. Wade, Sr., Deceased, and his Heirs at Law (collectively "Plaintiffs") filed this action against Defendants City of Hattiesburg (the "City") and Officers Demetrius Breland and Natrottam Holden (the "Officers"). This action arises out of the alleged use of unreasonable force by the Officers against the Plaintiffs, which occurred on April 16, 2013. The claims against the City and the Officers in their official capacity have been dismissed with prejudice. The only claims that remain pending are Plaintiffs' claims for constitutional violations under 42 U.S.C. § 1983 against

the Officers in their individual capacities.  The bulk of Wade's damages stem from injuries to his left knee and ankle that he alleges were the result of the Officers' misconduct.

## II.  DISCUSSION

The Officers move that Wade's claims against them be dismissed with prejudice due to his failure to disclose past injuries during discovery.[1]  Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the dismissal of a claim with prejudice when a party refuses to obey a valid discovery order.  *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 11, 514 (5th Cir. 1985).  The Fifth Circuit, however, has emphasized that this is a "draconian" remedy and a "remedy of last resort."  *Id.* at 515.  In deciding whether to grant this remedy, the Court must consider (1) whether "the failure to comply with the court's order results from willfulness or bad faith"; (2) whether "the deterrent value of Rule 37 can[] be substantially achieved by the use of less drastic sanctions"; (3) "whether the other party's preparation for trial was substantially prejudiced"; and (4) whether "neglect is plainly attributable to an attorney rather than a blameless client" or whether "a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders."  *Id.* at 515 (citations omitted).

The Court would first note that the Officers have identified no order issued by the Court that Wade has allegedly violated.  Because dismissal under Rule 37(c) is only authorized where a party does not obey a valid discovery order, the Officers have not shown that dismissal under Rule 37(c) is even within the Court's authority.  However, even if the Officers had identified a court order which should have produced the information they claim Wade withheld, they have not shown that dismissal is warranted under the *Batson* factors.

---

[1] The Officers ask for no other sanctions but dismissal.

First, the Officers argue that Wade's failure to disclose his previous injuries must have been done in bad faith or willfully simply because he should have disclosed them. The allegedly concealed injuries occurred in 2008, five years before the incident that is the subject of this suit and eight years before the filing of this suit. Medical records reveal that the injuries to his left leg in 2008 were the result of a fall that was not severe enough to seek immediate medical attention.[2] (*See* Medical Records [56-1] at p. 2.) Though there was "mild swelling" to the knee and "some mild tenderness" over his LCL, x-rays of the ankle and knee revealed that both were normal, and no serious injury of either the knee or ankle was recorded. (*See id.* at pp. 2-9.) The Officers have not produced any proof that Wade's failure to disclose these relatively minor injuries, which occurred years before the incident in question, was the result of bad faith or willfulness rather than an honest failure to recall.

Additionally, because the Officers have failed to show bad faith or willfulness, they have also failed to show that such a drastic sanction is needed to fulfill the deterrent goals of Rule 37. The threat of dismissal does not serve to deter actions which are not taken willfully or in bad faith, and future parties' memories will not be jarred under such threats.

The Officers have also not shown how not knowing about these injuries had any impact on their preparation for trial. The Officers have not established that these past injuries contributed to Wade's alleged injuries in this case, other than the fact that they happen to have occurred on the same leg. The 2008 injuries were minor, with the hospital finding that "[t]he ankle mortise is intact," that "[o]sseous structures [were] unremarkable," and that there was "[n]o evidence for acute fracture" and "[n]o significant soft tissue swelling." (Medical Records [56-1] at p. 5.) The Officers claim that knowing about these injuries now means that they have to "essentially restart

---

[2] Wade did not seek medical attention until the next day when his leg had "stiffened up some" and was causing him pain. (Medical Records [56-1] at p. 2.)

discovery and relitigate the issues relating to these pre-existing conditions." (Memo. in Support [51] at p. 9.)  The Court, however, does not see how knowledge of these injuries could so drastically change this litigation so as to have such an extreme effect, nor do the Officers specify why this would occur.

Because the Officers have wholly failed to carry their burden in establishing that dismissal under Rule 37(c) is warranted, the Court will **deny** their Motion to Dismiss [50].

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [50] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 14th day of September, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE