IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. WADE, JR., THE ESTATE
OF GEORGE L. WADE, SR.,
DECEASED, AND HIS HEIRS AT LAW                              PLAINTIFFS

v.                                   CIVIL ACTION NO. 2:16-CV-47-KS-MTP

DEMETRIUS BRELAND and
NAROTTAM HOLDEN                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration [73] filed by Plaintiff George L. Wade, Jr.[1] After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

On April 13, 2016, Plaintiffs George L. Wade, Jr., ("Wade Jr.") and the Estate of George L. Wade, Sr. ("Wade Sr."), Deceased, and his Heirs at Law (collectively "Plaintiffs") filed this action against Defendants City of Hattiesburg and Officers Demetrius Breland ("Breland") and Natrottam Holden ("Holden") (collectively the "Officers"). This action arises out of the alleged use of unreasonable force by the Officers against the Plaintiffs, which occurred on April 16, 2013.

The Court granted summary judgment on all pending claims on December 18, 2017. Because Wade Jr.'s deposition testimony, relied on by Plaintiffs in their arguments, was attached to their Response [67], the Court accepted Breland's version of the events surrounding Wade Jr.'s arrest, as this version was the only version in the summary judgment record. Wade Jr. now

---

[1] The Estate of George L. Wade, Sr., also joined in the motion, but the only claim at issue belongs to Wade Jr.

challenges the Court's decision, claiming that the deposition testimony was available elsewhere in the record and that his claim for excessive use of force should be allowed to go forward.[2]

## II.  DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009).  Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*.  Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Wade Jr. argues that it would be manifest injustice to not consider his deposition, as it was part of the record because it was attached in full to Defendants' Motion to Dismiss [50].  In his

---

[2] Though the Motion for Reconsideration [73] seems to ask that the Court's previous decision be reversed in its entirety, the only arguments made go to whether the Court wrongly failed to consider Wade Jr.'s deposition, which is only relevant to Wade Jr.'s excessive use of force claim.

sixteen-page Memorandum in Response [68], despite citing to this deposition over thirty times, Wade Jr. only once directs the Court to look at docket entry 50 for this exhibit. Local Uniform Civil Rule 7(b)(2) clearly states that "[a]ll . . . supporting documents and exhibits, excluding the memorandum brief, must be filed as exhibits to the motion, response or rebuttal to which they relate." Wade Jr. unquestionably did not follow this procedure and did not put his deposition properly before the Court for consideration on summary judgment. However, because the deposition was on the record, the Court finds that justice demands it be considered.

Despite Defendants' insistence that summary judgment is warranted based on their previous arguments regardless of the consideration of this deposition, the narrative given by Wade Jr. does present a factual dispute as to whether Breland's use of force was reasonable.[3] The Court therefore will **grant** the Motion for Reconsideration [73] with respect to Wade Jr.'s excessive force claim. All other claims dismissed on summary judgment remain dismissed.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [73] is **granted**. The case will be reopened with only Wade Jr.'s excessive force claim pending.

SO ORDERED AND ADJUDGED, on this, the 16th day of January, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] Defendants' argument that the force used was not the only cause of Wade Jr.'s injury was also not presented properly to the Court as it was first introduced in Defendants' Rebuttal [70] and therefore cannot be considered.