# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

GEORGE L. WADE, JR.                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 2:16-CV-47-KS-MTP

DEMETRIUS BRELAND                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *in Limine* [83] filed by Plaintiff George L. Wade, Jr., and the Motion *in Limine* [85] filed by Defendant Demetrius Breland. After considering the submissions of the parties, the record, and the applicable law, the Court finds that both motions are well taken and should be granted.

## I. BACKGROUND

On April 13, 2016, Plaintiffs George L. Wade, Jr., ("Wade Jr.") and the Estate of George L. Wade, Sr. ("Wade Sr."), Deceased, and his Heirs at Law (collectively "Plaintiffs") filed this action against Defendants City of Hattiesburg and Officers Demetrius Breland ("Breland") and Natrottam Holden. The only claim that remains pending is the 42 U.S.C. § 1983 claim against Breland for the violation of Wade Jr.'s Fourth Amendment right against excessive force.

## II. DISCUSSION

### A.  Wade Jr.'s Motion *in Limine* [83]

Wade Jr. asks that the Court exclude mention of his prior convictions at trial. He contends that these convictions are not admissible under F.R.E. 609(b), as he completed serving his time for them in 1990. Breland argues that these convictions are admissible under F.R.E. 609(b), as they properly impeach Wade Jr.'s testimony by showing his bias against the Hattiesburg Police Department, whose officers arrested him for these previous convictions.

F.R.E. 609(b) admits as impeachment evidence convictions over ten years old "only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). "The general rule is inadmissibility." *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993) (citing *United States v. Cathey*, 591 F.2d 268, 25 (5th Cir. 1979)). Prior convictions over ten years old should only be admitted in "exceptional circumstances." *Cathey*, 591 F.2d at 275.

The Court does not find the circumstances before it to be "exceptional." Though Wade Jr.'s previous convictions could have given him a bias towards law enforcement, these convictions occurred over twenty-eight years ago. Their probative value as to his current biases is small while their potentially prejudicial effect is great. There is a great risk that the jury, if presented with Wade Jr.'s previous convictions, "may misuse the evidence by considering [Wade Jr.] a person of criminal tendencies" and therefore more likely to have resisted arrest as Breland contends. *See Cathey*, 591 F.2d at 275. The Court therefore does not find that the probative value of these past convictions outweigh their potential for prejudice. The motion will therefore be **granted**, and this evidence will be excluded.

### B. Breland's Motion *in Limine* [85]

Breland asks the Court to exclude all references to the disposition of the criminal case against Wade Jr. stemming from the night at issue. Because these references would be irrelevant in a case solely concerned with whether the force used was excessive and because Wade Jr. has not opposed this motion, the Court finds that the motion should be **granted**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *in Limine* [83] is **granted**.

2

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* [85] is **granted**.

SO ORDERED AND ADJUDGED, on this, the 20th day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE